IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAWAIIAN ISLE ADVENTURES, | ) | CIV. NO. 08-00574 SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING DEFENDANT |
| vs. | ) | GOLDEN BEAR'S MOTION TO |
| | ) | DISMISS AND DEFENDANT NAC'S |
| NORTH AMERICAN CAPACITY | ) | MOTION FOR PARTIAL DISMISSAL |
| INSURANCE CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANT GOLDEN BEAR'S MOTION TO DISMISS AND
DEFENDANT NAC'S MOTION FOR PARTIAL DISMISSAL

I.     INTRODUCTION.

This diversity case arises out of an alleged breach of an insurance contract, following a wrongful death lawsuit against Hawaiian Isle Adventures ("Hawaiian Isle"). Plaintiff Hawaiian Isle provides guided nature tours on the island of Oahu, picking up customers from various locations and transporting them to outdoor activities, such as boogie boarding, hiking, and snorkeling. Hawaiian Isle contacted an insurance agency, which in turn contacted an insurance broker, Defendant Worldwide Facilities Insurance Services, Inc. ("Worldwide"), for insurance coverage. Through Worldwide, Hawaiian Isle purchased a Commercial General Liability Policy from Defendant North American Capacity Insurance Company ("NAC"). Defendant Golden Bear administers claims on behalf of NAC.

On May 8, 2006, Hawaiian Isle was sued for the wrongful death of Lee Townes, who died while on a snorkeling trip run by Hawaiian Isle.  Hawaiian Isle tendered the Townes lawsuit to NAC for indemnity and defense.  On October 17, 2006, Golden Bear advised Hawaiian Isle that there was no coverage under the NAC Insurance Policy for indemnity or defense of the Townes suit.  Hawaiian Isle then retained counsel on its own to defend against the Townes suit.

On May 6, 2008, Hawaiian Isle brought the present suit against NAC, Worldwide, and Golden Bear in Hawaii state court.  Defendants NAC and Golden Bear removed the suit to federal court.  Golden Bear now moves for dismissal of all counts, and NAC moves for partial dismissal.  For the following reasons, these motions are GRANTED.

II.     LEGAL STANDARD.

Effective December 1, 2007, Rule 12(b)(6) of the Federal Rules of Civil Procedure has been amended.  In relevant part, that rule now reads: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted."  "The language of Rule 12 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology

consistent throughout the rules. These changes are intended to be stylistic only." Rule 12 Advisory Committee Notes, 2007 Amendments. Because no substantive change in Rule 12(b)(6) was intended, the court interprets the new rule by applying precedent related to the prior version of Rule 12(b)(6).

Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

III.     ANALYSIS.

Golden Bear has demonstrated that there is no theory under which it may be held liable on any of the counts alleged against it. Its motion to dismiss the Complaint is therefore

GRANTED.  On similar grounds, NAC moves for dismissal of counts II and V.  Its motion is GRANTED.

        A.    Count I: Breach of Contract.

In Count I, Hawaiian Isle asserts breach of contract claims against Golden Bear and NAC for failing to indemnify and defend it against the Townes suit.  Hawaiian Isle concedes that Golden Bear is not a party to the contract but maintains that Golden Bear wrongfully interfered with its contractual relations with NAC.  However, Count I is not a claim for tortious interference with a third-party contract.  Absent contractual obligations, Golden Bear cannot be held liable for a breach.

Nor did Golden Bear assume any contractual obligations by acting as NAC's agent.  Hawaii's courts have adopted the rule that, "[u]nless otherwise agreed, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract." Corps Constr. v. Hasegawa, 522 P.2d 694, 695 (Haw. 1974).  Hawaiian Isle does not allege that Golden Bear expressly assumed responsibility for NAC's contract, and this court cannot impute liability to Golden Bear as an agent for its disclosed principal in the absence of such an agreement.  The claim for breach of contract against Golden Bear is accordingly DISMISSED.

B.  Count II: Tortious Breach of Contract.

In Count II, Hawaiian Isle alleges that NAC and Golden Bear's failure to indemnify and defend it against the Townes suit constitutes tortious breach of the insurance contract.  In Francis v. Lee Enters., 971 P.2d 707, 717 (Haw. 1999), the Hawaii Supreme Court almost entirely eliminated claims for a tortious breach of contract:

> Hawai'i law will not allow a recovery in tort, including a recovery of punitive damages, in the absence of conduct that (1) violates a duty that is independently recognized by principles of tort law and (2) transcends the breach of the contract. Consistent with this rule, damages for emotional distress will only be recoverable where the parties specifically provide for them in the contract or where the nature of the contract clearly indicates that such damages are within the parties' contemplation or expectation in the event of a breach.

Hawaiian Isle has not alleged that Defendants committed an independent tort beyond the breach of contract, nor that the parties contemplated emotional distress.  Therefore, Hawaiian Isle may not recover here for tortious breach of contract.

In Francis, which involved an employment dispute, the Hawaii Supreme Court was careful to note that its opinion "in no way affects our prior decisions . . . recognizing the tort of bad faith within the insurance context." Id.  Contrary to Hawaiian Isle's selective reading of this case, the Hawaii Supreme Court's abolition of the theory of tortious breach of contract was not

5

limited to the employment context and preserved elsewhere. Rather, claims of tortious breach were nearly entirely abolished. While bad faith liability in the insurance context survived, Count II does not present a contract-based tort claim that survives Francis.  Count II is accordingly DISMISSED.

       C.   Count III: Bad Faith.

In Count III, Hawaiian Isle alleges that NAC and Golden Bear were subject to an implied covenant of good faith in their insurance dealing, and that they committed the tort of acting in bad faith.

Golden Bear does not dispute that the tort of bad faith remains cognizable under Hawaii law for first-party insurance contract after Francis.  As explained in Best Place v. Penn Am. Ins. Co., 920 P.2d 334, 345 (Haw. 1996), "the tort of bad faith is not a tortious breach of contract, but rather a separate and distinct wrong which results from the breach of a duty imposed as a consequence of the relationship established by contract." However, this does not mean that Golden Bear, an insurance adjuster, can be liable for bad faith in the same way an insurer might be.

Hawaii has adopted the test for bad faith in the insurance context outlined by California in Gruenberg v. Aetna Ins. Co., 510 P.2d 1032 (Cal. 1973).  See Best Place , 920 P.2d at 347.  With regard to third parties to insurance contracts, the

Court in Gruenberg declared, "Obviously, the non-insurer defendants were not parties to the agreements for insurance; therefore, they are not, as such, subject to an implied duty of good faith and fair dealing." Gruenberg, 510 P.2d at 1039. The California Supreme Court granted a motion to dismiss by the non-insurer defendants in that case. Hawaiian Isle concedes that Golden Bear is in a position similar to that of the adjuster defendant in Gruenberg. In accordance with that decision, Count III is DISMISSED with respect to Golden Bear.

        D.    Count IV: Declaratory Judgment.

In Count IV, Hawaiian Isle alleges that the NAC Insurance Policy covers the claims in the Townes lawsuit, entitling Hawaiian Isle to full indemnity and a defense by NAC. Hawaiian Isle seeks a declaratory judgment against NAC to this effect. Hawaiian Isle concedes that it does not seek declaratory relief against Golden Bear. To the extent there was any confusion on this point, Count IV is DISMISSED with respect to Golden Bear.

        E.    Count V: Negligence.

In Count V, Hawaiian Isle alleges that Worldwide owed a duty of reasonable care in procuring an insurance contract, and that Worldwide acted negligently in obtaining insurance for Hawaiian Isle. Hawaiian Isle concedes that it does not allege

negligence against Golden Bear or NAC, only Worldwide.  Count V is accordingly DISMISSED with respect to Golden Bear and NAC.

        F.    Count VI: Punitive Damages.

In Count VI, Hawaiian Isle alleges that the actions of all Defendants demonstrate such indifference to their civil obligations that punitive damages are warranted.  None of Hawaiian Isle's substantive claims against Golden Bear survives this motion to dismiss.  Hawaiian Isle may not recover punitive damages without a viable theory of relief.  Count VI is accordingly DISMISSED with respect to Golden Bear.

IV.    CONCLUSION.

With respect to Count I, Golden Bear is not a party to the insurance contract and may not be sued for a contract breach. With respect to Count II, Hawaii law does not provide for tortious breach of contract; therefore, neither Golden Bear nor NAC is liable under this theory.  With respect to Count III, Golden Bear, as an insurance adjuster, is not subject to a duty of good faith in executing its responsibilities.  None of the other counts is alleged against Golden Bear, and Hawaiian Isle may not recover any damages, punitive or otherwise, without an underlying cognizable legal theory.  Golden Bear's motion for dismissal of all claims against it is therefore GRANTED.  On similar grounds, NAC's motion for dismissal of Counts II (tortious breach of contract) and V (negligence) is GRANTED.

This order leaves for further adjudication Counts I, III, IV, and VI as alleged against NAC, as well as Counts V and VI as alleged against Worldwide.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 10, 2009.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Hawaiian Isle Adventures, Inc., v. North American Capacity, et al.; Civil No. 08-00574 SOM-KSC; ORDER GRANTING DEFENDANT GOLDEN BEAR'S MOTION TO DISMISS AND DEFENDANT NAC'S MOTION FOR PARTIAL DISMISSAL.